IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTWAUN MAURICE WINBUSH,        )
                                )
                 Movant,        )
                                )
v.                              )        Civil Action No. 2:13-24112
                                )        Criminal Action No. 2:10-00200
UNITED STATES OF AMERICA,       )
                                )
                 Respondent.    )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document Nos. 78 and 86.) By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 79.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 83.)

## FACTUAL BACKGROUND

On May 24, 2011, Movant pled guilty to Count Four of the Indictment charging him with Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 2:10-00200, Document Nos. 46 - 48.) A Presentence Investigation Report was prepared. (Id., Document No. 58.) The District Court determined that Movant had a Base

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Offense Level of 28, and a Total Offense Level of 29, the Court having found that Movant met the criteria for a career offender enhancement pursuant to U.S.S.G. § 4B1.1(a) and having applied a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). (Id., pp. 7 - 8.) The District Court sentenced Movant on September 12, 2011, to serve a 151-month term of incarceration to be followed by a three-year term of supervised release. (Id., Document No. 54.) The District Court also imposed a $100 special assessment. (Id.)

On September 20, 2011, Movant, acting *pro se*, filed his Notice of Appeal. (Id., Document No. 57.) In his appeal, appellate counsel, Mr. Troy Giatras, filed an Anders Brief stating that there was no meritorious issue for appeal, "but questioning whether Winbush's sentence [was] substantively reasonable." United States v. Winbush, Case No. 11-4923 (4th Cir.), Document Nos. 27, 31. The United States filed a Motion to Dismiss arguing that Movant's appeal was precluded by the waiver of appellate rights in the plea agreement. Id., Document No. 30. Subsequently, Movant was advised of his right to file a *pro se* supplemental brief. Id., Document No. 34. Movant, however, failed to file such a brief. On May 16, 2012, the Fourth Circuit granted the United States' Motion to Dismiss in part, affirmed in part, and dismissed in part. United States v. Winbush, 473 Fed.Appx. 250 (4th Cir. 2012). Specifically, the Fourth Circuit granted the United States' Motion to Dismiss concerning Movant's sentence after concluding that Movant "knowingly and voluntarily waived the right to appeal his sentence." Id. Next, the Fourth Circuit affirmed Movant's conviction. Id. After determining that Movant did not waive his right to appeal his conviction, the Fourth Circuit reviewed the entire record pursuant to Anders and "found no issues that [were] meritorious and outside the scope of the waiver." Id. at 251. Movant filed a petition for certiorari in the United States Supreme Court,

which was denied on October 1, 2012. <u>Winbush v. United States</u>, ___ U.S. ___, 133 S.Ct. 384, 184 L.Ed.2d 227 (2012).

On October 1, 2013, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 2:13-24112, Document No. 78.) As grounds for *habeas* relief, Movant first argues that he was improperly classified as a career offender under the Sentencing Guidelines. (<u>Id.</u>, p. 4.) Movant claims that he had only one drug trafficking charge and the other prior offense involved the "conveyance of a controlled substance, that in Ohio, the amount would be simple possession." (<u>Id.</u>) Second, Movant alleges that he was subjected to ineffective assistance of counsel based upon the following: (1) Trial counsel "never gave [him] time to look over the plea;" (2) Trial counsel failed to advise Movant that if he went to trial he would not be sentenced in excess to the mandatory term of imprisonment; and (3) Trial counsel failed to object to the Presentence Report and Movant's classification as a career offender. (<u>Id.</u>, pp. 4 - 5.) Third, Movant argues that his Indictment was unconstitutional because "no drug amount" was specified. (<u>Id.</u>, p. 7.) Finally, Movant asserts that he was subjected to an unconstitutional arrest and an illegal search and seizure. (<u>Id.</u>, p. 8.)

On June 10, 2016, Movant filed his Amended Section 2255 Motion and Affidavit in support. (Document Nos. 85 and 86.) Specifically, Movant amended his Section 2255 Motion to include a claim based upon <u>Johnson v. United States</u>, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and <u>Welch v. United States</u>, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). (<u>Id.</u>) Movant continues to argue that trial counsel was ineffective in failing to object to his "PSR where a 2003 conveyance of a controlled substance should not have been used as a charge to

3

career [him]." (Id.) On June 13, 2016, Movant filed an additional Affidavit requesting an amendment to his Section 2255 Motion based upon Johnson. (Document No. 87.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be

raised for the first time in a Section 2255 motion. <u>Stone v. Powell</u>, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." <u>United States v. Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." <u>Id.</u> at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. <u>See</u> <u>Satcher v. Pruett</u>, 126 F.3d 561, 572 (4th Cir. 1997)(quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. <u>Mikalajunas</u>, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. <u>Id.</u> at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." <u>Schlup v. Delo</u>, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), <u>cert. denied</u>, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will

5

not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

1.    **Insufficient Indictment, Unconstitutional Arrest, and Illegal Search**:

In his Section 2255 Motion, Movant challenges the validity of his indictment and arrest. (Civil Action. 2:13-24112, Document No. 78, pp. 7 - 8.) Specifically, Movant argues that his Indictment was insufficient because "no drug amount" was specified.[2] (Document No. 78, p. 7.) Movant, therefore, concludes that he was wrongfully arrested. (Id.) Movant further asserts that he was subjected to an unconstitutional search because police officer's traced his cell phone. (Id., p. 8.) Movant, however, acknowledges that the above alleged errors were not raised on appeal. (Id., pp. 7 and 9.) Accordingly, the Court must consider whether Movant has shown either "cause and actual prejudice" or "that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." As stated above, actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). To establish a miscarriage of justice, the movant must prove actual innocence by clear

---

[2]   "[A]n indictment is legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar future prosecution for the same offense." *United States v. Rendelman*, 641 F.3d 36, 44 (4th Cir. 2011). To establish distribution under 21 U.S.C. § 841(a)(1), the government must prove "that (1) [the] defendant knowingly or intentionally distributed the controlled substance alleged in the indictment, and (2) at the time of such distribution the defendant knew that the substance distributed was a controlled substance under the law." *United States v. Alerre*, 430 F.3d 681 (4th Cir. 2005)

and convincing evidence. <u>Mikalajunas</u>, 186 F.3d at 493. The undersigned finds that Movant has failed to establish either. The Court, therefore, finds that the above alleged errors are procedurally defaulted.[3]

## 2.   <u>Error in Sentencing</u>:

In his Motion, Movant challenges the validity of his sentence. (Civil Action. 2:13-24112, Document No. 78.) Specifically, Movant argues that he was improperly classified as a career offender under the Sentencing Guidelines. (<u>Id.</u>, p. 4.) Movant claims that he had only one appropriate control substance offense, which was a drug trafficking charge. (<u>Id.</u>) Movant argues that his other prior offense involved the "conveyance of a controlled substance," which only amounted to a simple possession charge in Ohio. (<u>Id.</u>) Movant, therefore, claims that his Ohio conviction was inappropriately considered as a predicate offense. (<u>Id.</u>)

The undersigned notes that by his written Plea Agreement, Movant agreed to waive his right to appeal his sentence directly and challenge it under Section 2255 except on grounds of ineffective assistance of counsel. (Criminal No. 2:10-00200, Document No. 48, pp. 4 - 5.) It is well established that a defendant may waive his right to appeal or collaterally attack his conviction and sentence if the waiver was entered into knowingly and voluntarily. <u>See United States v. Johnson</u>, 410 F.3d 137 (4th Cir. 2005); <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005). "To determine whether a waiver is knowing and intelligent, this court examines 'the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement.'" <u>United</u>

---

[3]   Additionally, the undersigned notes that a voluntary and intelligent guilty plea constitutes a waiver of all claims relating to non-jurisdictional error that occurred prior to the plea, including claims relating to alleged constitutional deprivations. *United States v. Partlow*, 301 Fed.Appx. 297 (4th Cir. 2008), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *also see United States v. McCleary*, 112 F.3d 511 (4th Cir. 1997)(unpublished).

States v. Johnson, 480 Fed.Appx. 229, 230 (4th Cir. 2012)(citation omitted). Generally, the waiver is valid and enforceable if a Court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy. Id.

The undersigned finds that Movant's plea agreement and appellate waiver were voluntary and intelligent. In his Motion, Movant does not argue that his waiver was made unknowingly or unintelligently. (Civil Action No. 2:13-24112, Document No. 78.) A review of the plea agreement further reveals that the waiver was clear and unambiguous. Specifically, the plea agreement stated, in pertinent part, as follows:

> The parties retain the right to seek appellate review of the District Court's determination of the Sentencing Guideline range, if an objection is properly preserved. Nonetheless, Mr. Winbush knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court on any other ground, so long as that sentence is below or within the Sentencing Guideline range determined by the District Court prior to any departure or variance. . . . .
>
> * * *
>
> Mr. Winbush also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

(Criminal Action No. 2:10-00200, Document No. 48, pp. 4 - 5, ¶ 10.) Considering Movant's educational background, the record reveals that Movant has a 11th grade education. (Id., Document No. 69, p. 3.) The undersigned finds no indication that Movant did not understand the terms and consequences of signing the plea agreement. During the Plea Hearing, the terms of the plea agreement and appellate waiver were thoroughly reviewed with Movant and he acknowledged that he understood the terms and consequences of signing the plea agreement. (Id., Document No. 69, pp. 9 - 19.) During the Rule 11 colloquy, the District Court inquired as follows:

Q.      Turning next to paragraph 10, do you understand that one of the things that the court will be doing in this case is to determine under the advisory United States Sentencing Guidelines what the advisory guideline range in your case is?

A.      Yes, sir.

Q.      And under the terms of this agreement, you retain the right to seek appellate review of the court's determination of what that guideline range is, provided that you have made objection to it before the close of the sentencing hearing. Do you understand that?

A.      Yes, sir.

Q.      Now, you further agree under paragraph 10 that if the court sentences you within or below the advisory guideline range, and if you have not objected to the court's determination of that range, you forever waive your right to appeal your sentence in this case. Do you understand that?

A.      Yes, sir.

Q.      Do you also understand that you waive another very important right under the same provision. In addition to the right to appeal, you may also have the right to collaterally attack your sentence. By collaterally attack, it's meant a so-called habeas proceeding or a Section 2255 motion where you may be in a position to attack both your sentence and your conviction. You also waive your right to collaterally attack your sentence and your conviction as well under the terms of this provision. Do you understand that?

A.      Yes.

Q.      And do you also understand that there's only one exception to all that I've told you about, both appeal and collateral attack, and that is, you do retain the right to do so on the basis of ineffective assistance of counsel, but not on any other ground? Do you understand that?

A.      Yes.

(Id., pp. 15 - 16.) Based on the foregoing, the undersigned finds that Movant's appellate waiver

was knowing and intelligent.[4] Thus, Movant waived his right to challenge the validity of his

---

[4]  The undersigned further notes that the Fourth Circuit determined that Movant "knowingly and voluntarily waived the right to appeal his sentence." *Winbush*, 473 Fed.Appx. at 250.

sentence.

### 3.    **Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694, 104 S.Ct. at 2068; <u>Hill v. Lockhart</u>, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. <u>Murray v. Carrier</u>, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in <u>Strickland v. Washington</u>, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable.[5] <u>Strickland</u>, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; <u>Fitzgerald v. Thompson</u>, 943 F.2d. 463 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

### A.    Counsel's alleged misrepresentation regarding plea.

A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." <u>North Carolina v. Alford</u>, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). The United States Supreme Court held in <u>Mabry v. Johnson</u>, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546 - 47, 81 L.Ed.2d 437 (1984), "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." <u>Mabry v. Johnson</u>, 467 U.S. 504, 508, 104 S.Ct.

---

[5]   Movant was represented by Mr. Sean W. Cook.

2543, 2546 - 47, 81 L.Ed.2d 437 (1984), *abrogated on other grounds*, Puckett v. United States, 556 U.S. 129, 138 n. 1, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1294 - 95 (4th Cir. 1992). A guilty plea will be deemed involuntary if it is entered without knowledge of material information withheld by the prosecution. See for example Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995)(A defendant challenging the voluntariness of a guilty plea may assert a claim under Brady that the prosecution withheld evidence favorable to the defendant and material to guilt or punishment when defendant requested it.).

In his Motion, Movant first alleges that his plea agreement was made unknowingly because trial counsel failed to adequately explain Movant's sentencing exposure. (Civil Action No. 2:13-24112, Document No. 78, p. 5.) Second, Movant explains trial counsel "never gave [him] time to look over the plea." (Id.) The record in this case, however, reflects that Movant's guilty plea was voluntary and made with full knowledge of its consequences. The written plea agreement provided that "Mr. Winbush will plead guilty to Count Four of said indictment, which charges him with a violation of 21 U.S.C. § 841(a)(1)." (Criminal No. 2:10-00200, Document No. 48, p. 2.) The written plea agreement spelled out the maximum sentence to which Movant was subject by virtue of his plea. (Id.) Specifically, the plea agreement states that Movant faced a term of "imprisonment for a period up to 20 years." (Id.) The plea agreement further stated at Paragraph 12 that "[t]he matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to the specific sentence." (Id., p. 5.)

During the Plea Hearing, the District Court thoroughly questioned Movant regarding whether his decision to pled guilty was knowing and intelligent. (Criminal Action 2:10-cr-00200, Document No. 69.) Specifically, the District Court questioned Movant as follows:

> Q.    Now then, have you discussed the charges in the indictment, including count four, thoroughly with your attorney, Mr. Cook?
>
> A.    Yes, we went over it.
>
> Q.    Did you tell him all the facts?
>
> A.    Yes, sir.
>
> Q.    Has he counseled and advised you as to the nature of the offense with which you are charged in count four?
>
> A.    Yes.
>
> Q.    As well as the rest of the indictment?
>
> A.    Yes.
>
> Q.    Insofar as you can tell, has he counseled and advised you as to all possible defense you may have to those charges?
>
> A.    Yes.
>
> Q.    Including count four?
>
> A.    Yes, sir.
>
> Q.    Do you fully understand then the nature of the charge set out in fount four?
>
> A.    Yes.

(Id., pp. 8 - 9.) Next, the District Court thoroughly questioned Movant regarding whether his decision to pled guilty was voluntary. (Id., Document No. 69, p. 28.) Specifically, the District Court questioned Movant as follows:

> Q.    Other than your written plea agreement filed and read here today, have

13

> you been made any promises by anyone of leniency or light sentence or
> probation?
>
> A.     No, Sir.
>
> Q.     Have you been threatened by anyone in any way or has anyone used any
>        means of intimidation or coercion or pressure to induce you to enter a plea
>        of guilty to count four against your will?
>
> A.     No, sir.

(Id.) Movant further acknowledged that he was pleading guilty because he was in fact guilty of

the charge. (Id., p. 37.) Finally, Movant affirmed that he was satisfied with representation from

defense counsel. (Id., p. 29.) Specifically, the District Court inquired as follows:

> Q.     Are you satisfied with your attorney, Mr. Cook, in this case?
>
> A.     Yes.
>
> Q.     Do you feel he has represented you fairly and fully?
>
> A.     Yes.
>
> Q.     Has he spent a good deal of time with you developing this case?
>
> A.     Yes.

(Id.) Based on the foregoing, the undersigned finds Movant's allegation that his plea was entered

into unknowingly or involuntarily due to ineffective assistance of counsel is without merit.

    **B.     Counsel's alleged misrepresentation regarding sentencing.**

    Movant argues that trial counsel was ineffective in failing to object to the Presentence

Report and Movant's classification as a career offender. (Civil Action 2:13-cv-24112, Document

No. 78, p. 5.) Specifically, Movant argues that he did not have two prior controlled substance

offenses. (Id.) Movant claims that he had only one appropriate controlled substance offense,

which was a drug trafficking charge. (Id.) Movant argues that his other prior offense involved

the "conveyance of a controlled substance," which only amounted to a simple possession charge in Ohio. (Id.) Movant, therefore, claims that his Ohio conviction was inappropriately considered as a predicate offense. (Id.) Accordingly, Movant argues that trial counsel should have objected to his classification as a career offender. (Id.)

U.S.S.G. § 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Section 4A1.2(a)(1) defines a "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(4). When a defendant has multiple prior sentences, U.S.S.G. § 4A1.2(a)(2) provides as follows:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separate by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

The undersigned finds that defense counsel did not act ineffectively concerning the application of the career offender sentencing enhancement. According to the Presentence Report, Movant was convicted in the Common Pleas Court in Lawrence County, Ohio, of Trafficking Crack Cocaine on October 31, 2003, and was sentenced to three years of imprisonment (03-cr-125). (Criminal Action No. 2:10-0200, Document No. 58, p. 13, ¶ 52.) On December 15,

2003, Movant was convicted in the Scioto County Court of Common Pleas, in Portsmouth, Ohio, of Illegal Conveyance of Drugs on to the Grounds of a Detention Facility and was sentenced to three years of imprisonment (02-cr-507). (Id., ¶ 48.) Movant appears to contend that his above convictions did not meet the requirements of U.S.S.G. § 4B1.1(a)(3). U.S.S.G. § 4B1.1(a)(3) requires that "the defendant has at least two prior felony convictions of either a crime of violence *or* a controlled substance offense." Movant clearly had two prior felony controlled substance convictions. U.S.S.G. § 4B1.2(b) defines a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Despite Movant's arguments to the contrary, Movant's above Ohio convictions are qualifying felony controlled substance offenses. The undersigned, therefore, finds that Movant's controlled substance convictions were properly considered by the District Court pursuant to U.S.S.G. § 4B1.1 and Movant met the criteria for career offender status. Accordingly, there is no indication that trial counsel acted ineffectively concerning Movant's career offender enhancement.

**4.**      **<u>Johnson and Welch are Inapplicable</u>:**

In his Amended Motion, Movant argues that his career offender sentencing enhancement should be vacated based upon <u>Johnson v. United States</u>, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and <u>Welch v. United States</u>, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In <u>Johnson</u>, the United States Supreme Court held that the "residual clause" of the Armed

Career Criminal Act ["ACCA"] was unconstitutionally vague. <u>Johnson</u>, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or violent felonies. The "residual clause" provided that a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was considered a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). On April 18, 2016, the United States Supreme Court determined that <u>Johnson</u> announced a new substantive rule that applies retroactively to cases on collateral review. <u>Welch v. United States</u>, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant was sentenced as a career offender under U.S.S.G. § 4B1.1 and not as an armed career criminal under the ACCA. As stated above, U.S.S.G. § 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." This Court has held that "enhancing a convicted individual's sentence under the residual clause of the career offender enhancement, § 4B1.2(a)(2), denies due process of law because the residual clause is unconstitutionally vague." <u>United States v. Litzy</u>, 2015 WL 5895199 (S.D.W.Va. Oct. 8, 2015)(J. Chambers), citing <u>Johnson v. United States</u>, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).[6] In the instant case, however, Movant's

---

[6]  On June 27, 2016, the United States Supreme Court granted a petition for a writ of certiorari to the Eleventh Circuit in *Beckles v. United States* regarding the issue of (1) whether the holding in *Johnson* applies to the residual clause of U.S.S.G. § 4B1.2(a)(2), and (2) if so, whether *Johnson* applies retroactively on collateral review to offenders determined to be career offenders under U.S.S.G. § 4B1.2(a)(2). *Beckles v. United States*, ___ S.Ct. ___, 2016 WL 1029080 (June 27, 2016).

guideline range was not enhanced pursuant to the residual clause of U.S.S.G. § 4B1.2(a)(2). The record reveals that Movant's sentence was enhanced because (1) Movant was at least 18 years of age at the time of his underlying offense; (2) the count of conviction was a felony controlled substance offense; and (3) Movant had at least two prior felony controlled substance offenses. (Criminal Action No. 2:10-0200, Document No. 58.) Movant's sentence, therefore, was not enhanced based upon the residual clause of Section 4B1.2(a)(2). Accordingly, Movant's above claim is without merit.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document Nos. 78 and 86) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this

time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: August 12, 2016.

Omar J. Aboulhosn
United States Magistrate Judge

19